IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| RICKIE L. JOHNSON, | ) | |
| and AUDREY D. JOHNSON, | ) | |
| | ) | |
| Plaintiffs, | ) | TC-MD 230350R |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiffs appealed Defendant's Notices of Deficiency Assessments, one dated June 16, 2023, for the 2019 tax year, and another dated June 12, 2023, for the 2020 and 2021 tax years. (Ptfs' Ex 26 and Ptfs' Ex 25). Plaintiffs challenge Defendant's determination that their property was not rented at fair market value, leading to the disallowance of business expenses, bonus depreciation for road improvements, and recapture of previously claimed depreciation dating back to 2015.

The court finds that Plaintiffs' property was rented at fair market value and that the recapture of prior depreciation, net losses from renting the property, and denial of business expenses were not warranted. Additionally, the court finds that Plaintiffs are entitled to some depreciation for the road improvements, based on an allocation between business and personal use of the property.

Trial was held October 16, 2023, in the courtroom of the Oregon Tax Court. Rickie ("Rick") L. Johnson appeared and testified on behalf of Plaintiffs with additional testimony from co-plaintiff Audrey D. Johnson. Tom Boettger, auditor, appeared and testified on behalf of

Defendant. Plaintiffs' Exhibits 1 to 41 and Defendant's Exhibits A to I were received into evidence.

## I. STATEMENT OF FACTS

Plaintiffs own property in the hills of Newberg, Oregon, which includes their principal residence, a 2,400-square foot shop, and a barn. An 800-square foot portion of the shop is used as a residential rental, featuring concrete floors, high windows, a wood stove, a bathroom, and a half-wall creating a bedroom. Plaintiffs furnished the unit with a refrigerator, stove, washer/dryer, and an old couch. Photographs presented by Plaintiffs show that the tenant parked his car in the rental portion of the shop, behind the couch in the living area.

At trial, Rick Johnson testified that, when the rental was established in 2017, he researched comparable rentals in the area using newspapers and online resources. He identified a nearby "studio-efficiency" apartment offered at $650 per month and a one-bedroom rental for $749 per month. Based on these comparisons and the shop's limited amenities, he set the rent at $550 per month. (Ptfs' Ex 19 at 13.) However, due to the tenant's financial difficulties, Plaintiffs accepted $500 per month during the tax years in issue.

Plaintiffs deducted business rental expenses as follows:[1]

| Exp. Category | 2019 | 2020 | 2021 |
|---|---|---|---|
| Insurance | $105 | $0 | $0 |
| Repairs | $94 | $2,644 | $0 |
| Taxes | $222 | $0 | $0 |
| Utilities | $824 | $1,014 | $1,240 |
| Trash/Internet | $177 | $3,388 | $685 |

The property originally had a private gravel road from the public street, approximately one-third of a mile long, with sections reaching grades of 13 percent. Frequent winter damage

---

[1] $1,422 in 2019 (Def's Ex F at 5); $7,046 in 2020 (Ptfs' Ex 19 at 26.); and $1,925 in 2021 (Ptfs' Ex 19 at 67). Deductions for depreciation are discussed separately.

and the difficulty traversing the steep grade prompted Plaintiffs to pave the road in 2019. The road included several turnouts: one to the neighbor's property, one to the barn, one to the shop rental, and one extending to an existing concrete pad in front of Plaintiffs' residence. (Ptfs' Ex 10 at 1.) The total cost to pave the road was $57,774, broken down as follows:

(1) A parking space outside of the [shop]/rental unit $13,255
(2) Private driveway of 9550 sq. ft. 9' wide flairs and turnout for $27,362
(3) A common driveway of 10' wide with flairs, turnouts, and mailbox $17,157

(Def's Ex A at 4.)

Based on testimony and evidence presented at trial, the "common driveway" refers to the portion of the road beginning at NE Chehalem Drive and ending at the turnout to the neighbor's property, while the "private driveway" extends from the neighbor's property turnout to the new parking space outside the shop. The common driveway is used by Plaintiffs, their renter(s), and their neighbor(s), whereas the private driveway is used exclusively by Plaintiffs and their renter(s).

On their 2019 tax return, Plaintiffs allocated 50 percent of the total paving cost ($28,887) to the rental and claimed 100 percent bonus depreciation for that amount. (Def's Ex F at 7.) Defendant disallowed this depreciation, as well as Plaintiffs' other rental expense deductions under Internal Revenue Code (IRC) section 280A, asserting the property was not rented at a fair market rate. (Def's Ex B at 2.) Relying on a 2019 HUD publication, Defendant determined that the average rental rate for studio apartments in Plaintiffs' zip code area was $1,080 per month. On this basis, Defendant recaptured prior depreciation and disallowed losses previously taken since 2015. (*Id.*) Defendant reclassified rental income from Schedule E to Schedule 1 as general income, requiring expenses to be itemized. Additionally, Defendant disallowed Plaintiffs' 100 percent bonus depreciation for the road paving, concluding the expense was not eligible for such

treatment under IRC section 179 and must instead be depreciated over 15 years. (Def's Ex A at 3-4.) Finally, Defendant adjusted Plaintiffs' Adjusted Gross Income (AGI) sensitive deductions based on modification to their income and expenses described above.

## II. ANALYSIS

The court must determine whether Plaintiffs' property was rented at fair market value to justify the deduction of expenses and depreciation. Additionally, the court must assess whether Plaintiffs' road improvements qualify for bonus depreciation. Resolving these issues requires a brief review of a few foundational aspects of Oregon income tax law.

Oregon's income tax system generally mirrors federal tax provisions unless there are explicit modifications, additions, or subtractions which are not applicable here. ORS 316.048.[2] Under IRC section 162(a), taxpayers may deduct "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business[.]" Deductions are a "matter of legislative grace," and taxpayers bear the burden of substantiating income and deductions with sufficient records. ORS 305.427; IRC § 6001; Treas Reg § 1.6001–1(a); *INDOPCO, Inc. v. Comm'r*, 503 US 79, 84, 112 S Ct 1039, 117 L Ed 2d 226 (1992). Depreciation deductions account for the exhaustion and wear of property used to generate income. IRC § 167(a); *Olsen v. Comm'r,* 121 TCM (CCH) 1282 (2021), 2021 WL 1259727 at *8 (US Tax Ct). However, under IRC section 280A, property used as a taxpayer's residence is presumed to be used for personal purposes--and thus ineligible for business-related deductions-- unless it is rented at fair market value. IRC § 280A (d)(2)(C).

A.    *Fair Market Rent*

Under the framework described above, the court must determine whether Plaintiffs rented

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

their property at fair market value. A "taxpayer shall be deemed to have used a dwelling unit for personal purposes for a day * * * unless for such day the dwelling unit is rented for a rental which, *under the facts and circumstances*, is fair rental." IRC § 280A (d)(2) (emphasis added). Defendant argued the property was rented below market value and, therefore disallowed Plaintiffs' rental expenses. However, Plaintiffs presented evidence of the $500 monthly rent charged to an unrelated tenant, provided local rental comparisons, and submitted photographs depicting the shop's spartan condition.

The court observes that Defendant's reliance on average rent data from HUD failed to account for the shop's unique characteristics, as it more closely resembles a garage than an apartment. Although minimal, Plaintiffs' evidence was more persuasive than Defendant's generalized data. The court therefore concludes that Plaintiff rented their property at fair market value. Consequently, Defendant's recapture of prior depreciation and losses was improper, and must be reversed. Having established that the property was rented at fair market value, and without Defendant specifically challenging the substantiation of the rental business expenses, the court also reverses Defendant's disallowance of Plaintiffs' rental expense deductions.

B.      *Bonus Depreciation for Road Paving*

Having addressed the smaller business-related expenses, the court now turns to the larger depreciation deduction at issue. The court finds that Plaintiffs are entitled to a depreciation deduction for a portion of the paved road that is reasonably attributable to the rental.

While deductions for business expenses are generally disallowed when connected with the use of a taxpayer's residence, an exception exists for "any item which is attributable to the rental of [a] dwelling unit or portion thereof." IRC § 280A(a), (c)(3). Land improvements, such as paved roads, do not qualify for depreciation under IRC section 179. IRS Pub 946 at 17

(2019), *available at* https://www.irs.gov/pub/irs-prior/p946--2019.pdf. However, IRC section 167(a) allows depreciation deductions for property used in a trade or business, and section 168(k) provides for accelerating the depreciation of roads because they are qualified property within the meaning of the statute. This "bonus depreciation," as it is commonly called, is a result of the Tax Cuts and Jobs Act (TCJA), effective January 1, 2018, which makes 100 percent first-year bonus depreciation available for certain "qualified property" that is used for business, placed in service during certain periods, and new to the taxpayer. 26 USC § 168(k).

1. *Qualified Property*

Having generally laid out the requirements for bonus depreciation eligibility, the court addresses whether Plaintiffs' paved road meets the specific statutory requirements of "qualified property." Bonus depreciation applies to property (1) with a recovery period of 20 years or less, such as land improvements, (2) that was first used by the taxpayer, and (3) that was placed in service by the taxpayer before January 1, 2027. 26 USC § 168(k)(1)-(2). Paved roads are classified as land improvements under the Modified Accelerated Cost Recovery System (MACRS) and have a recovery period of 15 years. IRS Pub 946, Appendix B, Table B-1 (2019), *available at* https://www.irs.gov/pub/irs-prior/p946--2019.pdf. Here, the paved road meets these criteria, as it was gravel prior to Plaintiffs' paved it, establishing first use by the taxpayer, and was placed in service on September 25, 2019. (Def's Ex F at 7.)

2. *Business Use Requirement*

Having established that Plaintiffs' paved road is generally eligible for bonus depreciation, the court next determines the portion of the road's depreciation that is eligible. Property must be used in a trade or business or held for the production of income to qualify for a depreciation deduction. IRC § 167(a)(1)-(2). Plaintiffs allocated a portion of the road to rental use, and

renting qualifies as a business activity. Property used for both personal and rental activity is eligible for depreciation, but the amount must be allocated on a reasonable basis. *See* IRS Pub 527 at 16 (2019), *available at* https://www.irs.gov/pub/irs-prior/p527--2019.pdf (describing how to divide expenses that are "for both rental use and personal use"). Square footage is one way of allocating the expense, but "any reasonable method" may be used. *Id*.

Although the road paving qualifies as eligible for depreciation, the court finds that Plaintiffs' allocation of 50 percent of the cost to rental expense was not supported--or in other words, less than half of the property was used for the production of income. A more reasonable allocation in this case would be based on the use of the rental property relative to Plaintiffs' total property. A challenge to this analysis is that neither party presented direct evidence of the square footage calculation used to allocate other expenses. In the court's view, the most reasonable use allocation based on facts in the record is as follows.

The parking space outside the shop/rental unit provides parking for both the rental and non-rental portions of the shop. The square footage of the rental is one-third of the total square footage of the shop. Therefore, one-third of the cost to pave the parking area ($4,418) is reasonably allocable to the rental.

The private driveway serves two buildings: the Plaintiffs' residence and the shop. Half of this stretch of the driveway, therefore, is for Plaintiffs' personal use only. The other half of this stretch goes to the shop, of which one-third is allocable to the rental. Therefore, one-third of half the cost of the private driveway ($4,560) is reasonably allocable to the rental.

The common driveway serves the two buildings owned by Plaintiffs, plus a third point of interest: the neighbor's driveway. Therefore, two-thirds of this section are unrelated to the shop. One-third of this section is allocable to the shop, one-third of which is allocable to the rental.

Therefore, one-third of one-third the cost of the common driveway ($1,906) is reasonably allocable to the rental. In sum, $10,884 of the total paving costs are reasonably allocable to the Plaintiffs' rental.

## III. CONCLUSION

After careful consideration, the court finds that Plaintiffs charged fair market rent for their shop rental, the expenses claimed on Schedule E, and the net losses from the rental are allowed. Plaintiffs' paving costs attributable to the rental are eligible for bonus depreciation, but the remainder of the paving costs were for personal use and are therefore excluded. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is granted, in part. Defendant's Assessment moving rental income from Schedule E (rental income) to Schedule 1 (other income), denial of net losses, and recapture of prior depreciation back to 2015 are reversed. Defendant's Assessment disallowing rental expenses for the tax years in issue is reversed. Plaintiffs are eligible for 100 percent bonus depreciation on their road improvements in 2019 in the amount of $10,884.

IT IS FURTHER DECIDED that Defendant shall adjust Plaintiffs' AGI sensitive deductions after calculating the changes made pursuant to this decision.

RICHARD D. DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR. Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Richard D. Davis and entered on March 13, 2025.*